UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JAMES B. SIMPSON, TDOC No. 152962 | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV-70 |
| | ) | |
| SHERIFF MIKE REECE | ) | |

## **MEMORANDUM and ORDER**

In a prior order, this *pro se* state prisoner's civil rights complaint, 42 U.S.C. § 1983, was screened to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or whether monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. Out of the four claims asserted and the two defendants named in the complaint, only one claim—"[T]hey feed outdated TV dinners, on the 8th of Feb. I had to go to the Hospital for food poisoning"—and a single defendant—Johnson County Sheriff Mike Reece—survived the screening procedure.

Thereafter followed a motion for summary judgment by defendant Reece, [Doc. 15], supported by a brief, a statement of material facts, and his own affidavit. [Docs. 16 - 18]. Next, plaintiff filed what was labeled as a "motion to continu (sic) or preceed (sic)," which, in substance, is a response to the summary judgment motion and will be so treated. [Doc. 20]. Defendant's motion is ripe for decision and, for the reasons which follow, will be **GRANTED**.

## I. **Standard of Review**

A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(C). In considering such a motion, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Though the burden of establishing there is no genuine issue of material fact lies upon the moving party, *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986), the nonmoving party cannot rest upon mere allegations or denials in its pleadings, but must come forward with "specific facts" to show there is a genuine issue for trial. *Matsushita*, 475 U.S. at 586-87. Summary judgment is appropriate if a court concludes that a fair-minded jury could not return a verdict in favor of a plaintiff based on the evidence presented. *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986).

## II. **Discussion**

Plaintiff claims that he was served out-of-date TV dinners at the Johnson County Jail, that he developed food poisoning [inferentially, from ingesting one of those dinners], and that, as a result, he had to be taken to the hospital. The Court liberally construes plaintiff's claim as asserting an Eighth Amendment claim for unconstitutional

conditions of confinement.  In the summary judgment motion, defendant argues that no constitutional violation occurred and, if it did, that defendant enjoys qualified immunity from this suit for damages.  Each argument will be addressed separately.

    A. <u>Was there a constitutional violation?</u>

Conditions of confinement which amount to an "unnecessary and wanton infliction of pain" violate the Eighth Amendment.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  To show that the behavior or condition complained of amounted to an unnecessary and wanton infliction of pain, plaintiff must show: (1) that the alleged deprivation is, objectively, sufficiently serious and (2) that the prison official who caused the deprivation had a sufficiently culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A prison condition will be sufficiently serious if it denies a plaintiff "the minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Farmer*, 511 U.S. at 832-33 (noting that prison officials must provide humane conditions of confinement).  A state of mind will be sufficiently culpable where a prison official has knowledge of a substantial risk of serious harm to the inmate, but disregards it.  *Farmer*, 511 U.S. at 837.

Prisoners must be provided meals nutritionally sufficient to sustain their normal health, *Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977), and the food must "be prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it."  *Ramos v. Lamm*, 639 F.2d 559, 57071 (10th

3

Cir. 1980).

In his signed and notarized affidavit, defendant sheriff avers that, during the relevant time-frame, the jail administrator was Major Rose Hammond and that she advised him that the jail had some frozen dinners on which the "use by" dates had expired a few days before. Defendant further avers that he ordered that the Alabama supplier of the frozen dinners be contacted to determine whether the meals were safe to serve to the inmates. Later, Major Hammond reported that the supplier had been contacted and that one of its officials had advised that, as long as the meals had remained frozen, they were safe to serve. Based on this information, defendant sheriff allowed the jail staff to serve the frozen dinners, but instructed staff members to improve the rotation method to forestall any such future occurrence. Finally, defendant Reece states, to his knowledge, that this situation has not recurred and that no inmate became ill due to food poisoning from any frozen dinner.

In the context of a conditions-of-confinement claim, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). For the purpose of deciding this motion, the Court will assume, but will not find, that serving out-of-date frozen dinners poses a substantial risk to an inmate's health. However, it remains that plaintiff has failed to show any deliberate indifference on the part of defendant sheriff. The latter showing must comprise more than mere negligence, and if a defendant took reasonable measures to abate the harm, he will not be held liable, even if the harm was not ultimately averted. *Id.*, at 835-36.

In this case, defendant sheriff took steps to ascertain whether serving frozen meals a few days past their "use by" dates posed a health risk and was advised that, if the dinners had remained frozen, they were safe. Acting on this advice and the information that the meals had been kept frozen, defendant sheriff permitted the frozen dinners to be served to the jail population. Defendant sheriff did not disregard the plaintiff's need to be provided with food which is safe to eat, but instead took reasonable steps to ensure that this need was being met. At best, plaintiff's contentions that he developed food poisoning from eating frozen meals would comprise a claim for negligence, but such a claim is insufficient to entitle plaintiff to relief. *See Farmer*, 511 U.S. at 835.

Thus, the Court concludes that the plaintiff has not shown any evidence of a culpable state of mind on the part of defendant sheriff because deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. Since the questioned conduct cannot be said to constitute an unnecessary and wanton infliction of pain, the allegations regarding such conduct do not state a valid claim under the Eighth Amendment.

In plaintiff's response to the summary judgment motion, he suggests that, since defendant sheriff admits that he knew that the jail staff was providing outdated frozen meals to inmates, he is liable for "what goes on in the jail." This suggestion is rejected as a matter of law. Clearly, plaintiff is attempting to impose vicarious liability on defendant sheriff

5

based on a theory of respondeat superior, but this is not a valid basis of liability under § 1983. See *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 694 (1978). Furthermore, defendant sheriff has no § 1983 liability to plaintiff if the conduct complained of on the part of his employees is not a constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Bowman v. Corrections Corp. of America*, 350 F.3d 537, 545 (6th Cir. 2003) (citing to *Heller*). Here, plaintiff has not shown an Eighth Amendment violation on the part of defendant sheriff, much less any of his employees.

Plaintiff offers a final argument, claiming that defendant Reece failed to address, in his answer, the allegations that plaintiff was taken to the hospital because of food poisoning, as well as those involving conditions in the "hole" during the three days he was kept there.

Plaintiff's position as to the food-poisoning allegation is undercut by the record. Defendant Reece addressed those allegations in his answer and also in his summary judgment filings. [Docs. 14 -18]. The Court agrees with defendant's assertion that, if plaintiff suffered from food poisoning, it makes no difference in the above Eighth Amendment analysis. Moreover, the allegations involving wrongful conditions in the hole were not raised in the complaint and cannot be raised belatedly in plaintiff's response to the summary judgment motion. Even if the allegations had been raised in the pleadings, plaintiff has not identified the individual who placed him in the hole and has made no contentions as

6

whether this unidentified individual possessed a sufficiently culpable state of mind. Absent such factual contentions, plaintiff has failed to state an Eighth Amendment claim.

    B.  <u>Is defendant sheriff entitled to qualified immunity?</u>

In the alternative, defendant Reece argues that he enjoys qualified immunity because a reasonable sheriff could have believed that he was not violating plaintiff's constitutional rights. Qualified immunity protects governmental officials from suit in their individual capacities where their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). *See Malley v. Briggs*, 475 U.S. 335, 341, (1986) (qualified immunity safeguards "all but the plainly incompetent or those who knowingly violate the law").

Because the Court has determined that defendant did not violate plaintiff's rights under the Eighth Amendment, it is unnecessary to determine whether those rights were clearly established in February of 2008. Therefore, defendant sheriff is entitled to qualified immunity from this action for damages.

### III.  **Conclusion**

Based on the above reasoning, defendant's motion for summary judgment will be **GRANTED**. [Doc. 15]. This renders **MOOT** plaintiff's request for counsel embedded in his response [Doc. 20] and his motion to extend the discovery deadline in the Scheduling

Order [Doc. 21] from August 6, 2009 to November 3, 2009, at which time he allegedly will have been released from confinement and will be able to hire an attorney to represent him in this matter.

A separate order shall enter.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE